**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

                        Plaintiff,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                        Defendant.

In re:

MADOFF SECURITIES



12-MC-115 (JSR)

**ORDER**

**(Relates to consolidated proceedings on 11 U.S.C. § 550(a))**

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

    WHEREAS:

    A.    Irving H. Picard (the "Trustee"), in his capacity as the trustee in the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff, commenced certain actions identified on Exhibit A hereto in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing complaints (the "Complaints") which asserted claims under section 78fff-2(c)(3) of SIPA, sections 544(b), 547(b), 548(a)(1)(A) and (B), 550(a) and 551 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), the New York Debtor and Creditor Law, N.Y. Debt. & Cred. L. § 270 *et seq.*, and other laws, which sought to avoid or recover certain transfers made by BLMIS in the 90 day, two year, six year and/or longer period(s)

300257946

preceding December 11, 2008 (collectively, the "Transfers" and each a "Transfer"). In these proceedings, certain defendants (the "Section 550(a) Defendants") have sought withdrawal of the reference from the Bankruptcy Court to this Court, among other grounds, for the Court's determination of the Section 550(a) Issues as defined below.

B.    Exhibit A hereto, prepared by the Trustee's counsel, identifies single cases or, in certain instances, the lead case of related adversary proceedings, in which Section 550(a) Defendants have filed motions to withdraw the reference (or joinders in such motions, as the case may be, which are deemed included in the scope of this Order unless expressly stated otherwise on Exhibit A) from the Bankruptcy Court to this Court to determine (1) whether, as a precondition for pursuing a recovery action against a subsequent transferee under 11 U.S.C. § 550(a), the Trustee must first obtain a fully-litigated, final judgment of avoidance against the relevant initial transferee under 11 U.S.C. §§ 544, 547 or 548 or (2) whether the Trustee's recovery action against a subsequent transferee under 11 U.S.C. § 550(a) must be dismissed unless the Trustee has obtained a judgment against the relevant subsequent transferee avoiding the initial transfer or he asserts a claim against the subsequent transferee to avoid the initial transfer within the period prescribed by 11 U.S.C. § 546(a) (the "Section 550(a) Issues"). Such cases and joinders are referred to herein as the "Adversary Proceedings."

C.    For the reasons stated in Picard v. Citibank, N.A. et al., the Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference from the Bankruptcy Court to consider the Section 550(a) Issues. See Picard v. Citibank, N.A. et al., No. 12 MC 115 (JSR) (S.D.N.Y. July 3, 2012) [ECF No. 214] (the "Section 550(a) Withdrawal Ruling").

D.       On August 1, 2012, counsel for the Trustee, SIPC, and counsel for Citibank, N.A. convened a conference call with the Court in accordance with the Section 550(a) Withdrawal Ruling, and the Trustee and SIPC requested that the Court consolidate briefing on the Section 550(a) Issues based on the Section 550(a) Withdrawal Ruling consistent with the Court's prior orders consolidating briefing on certain issues raised in motions withdraw the reference.

E.       The Court granted the request of the Trustee and SIPC and decided to consolidate briefing on the merits of the Section 550(a) Issues, and the resolution of this issue will govern all pending motions to withdraw the reference that have raised the Section 550(a) Issues. Accordingly, the Court has authorized and directed counsel for the Trustee to arrange for all parties raising the Section 550(a) Issues to prepare a proposed order consolidating and scheduling briefing and argument of the Section 550(a) Issues, and to submit such proposed order to the Court no later than August 17, 2012.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:

1.       The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Section 550(a) Defendants for the limited purpose of hearing and determining the Section 550(a) Issues. Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes.

2.       The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Section 550(a) Issues, all arguments previously raised by either or both of them in opposition to all such motions granted by the Section 550(a) Withdrawal Ruling, and such objections or arguments are deemed to be

overruled, solely with respect to the Section 550(a) Issues, for the reasons stated in the Section 550(a) Withdrawal Ruling.

3. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

4. On or before October 5, 2012, the Section 550(a) Defendants shall file two motions to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012), each accompanied by a separate supporting memorandum of law not to exceed twenty-five (25) pages (together, the "Section 550(a) Motions to Dismiss"), which shall each address one of the separate Section 550(a) Issues.

5. On or before November 2, 2012, the Trustee and SIPC may each file two memoranda of law in opposition to the Section 550(a) Motions to Dismiss, each not to exceed twenty-five (25) pages each (together, the "Section 550(a) Oppositions").

6. Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file two joinders, not to exceed two (2) pages each (excluding exhibits), to the Section 550(a) Oppositions or before November 3, 2012.

7. The Section 550(a) Defendants shall file no more than two consolidated reply memoranda of law, not to exceed fifteen (15) pages, on or before November 16, 2012.

8. On or before November 16, 2012, the Section 550(a) Defendants shall designate no more than two lead counsel to advocate their position at oral argument on the Hearing Date (as defined below), but any other attorney who wishes to be heard may appear and so request.

9. The Court will hold oral argument on the Section 550(a) Motions to Dismiss on November 30, 2012, at 4:00 p.m. (the "Hearing Date").

10. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order.

11. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege.

12. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Section 550(a) Issues) raised in the Adversary Proceedings by the Section 550(a) Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved.

13. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Section 550(a) Motions to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Section 550(a) Issues, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except for issues specifically decided by the Court in resolving the Section 550(a) Issues contemplated by this Order, limit, restrict or impair any defense or argument that has been raised or could be raised by any Section 550(a) Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, including all Section 550(a) Issues not decided by the Court in resolving the briefs contemplated by this Order, or any other defense or right of any nature available to any Section 550(a) Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of

process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto.

14. Nothing in this Order shall constitute an agreement or consent by any Section 550(a) Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC.

15. Nothing in this Order shall constitute an admission by any party as to any matter.

16. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Section 550(a) Issues) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

17. The procedures established by this Order, or by further order of this Court, shall constitute the sole and exclusive procedures for determination of the Section 550(a) Issues in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Section 550(a) Issues in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Section 550(a) Issues. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Section 550(a) Issues shall be excluded from such briefing or argument. For the avoidance of doubt, to the extent any of the Section 550(a) Defendants have issues other than the Section 550(a) Issues or issues set forth in the other common briefing orders

that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.

SO ORDERED.

Dated: New York, New York
August 21, 2012

_____
JED S. RAKOFF, U.S.D.J.

| | Exhibit A | | |
|---|---|---|---|
| 1. | *Picard v. Citibank, N.A., et al.* | 11-cv-07825-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Carmine D. Boccuzzi, Jr.<br>(cboccuzzi@cgsh.com)<br>David Y. Livshiz<br>(dlivshiz@cgsh.com) |
| 2. | *Picard v. Barclays Bank (Suisse) S.A., et al* | 12-cv-01882-JSR | Hogan Lovells US LLP<br>Marc J. Gottridge<br>(marc.gottridge@hoganlovells.com)<br>Andrew M. Behrman<br>(andrew.behrman@hoganlovells.com) |
| 3. | *Picard v. Bank Julius Baer & Co., Ltd.* | 12-cv-02311-JSR | McKool Smith P.C.<br>John P. Cooney, Jr.<br>(jcooney@mckoolsmith.com)<br>Eric B. Halper<br>(ehalper@mckoolsmith.com)<br>Virginia I. Weber<br>(vweber@mckoolsmith.com) |
| 4. | *Picard v. Lion Global Investors Limited* | 12-cv-02349-JSR | Proskauer Rose LLP<br>Gregg M. Mashberg<br>(gmashberg@proskauer.com)<br>Richard L. Spinogatti<br>(rspinogatti@proskauer.com) |
| 5. | *Picard v. Grosvenor Investment Management Ltd., et al.* | 12-cv-02351-JSR | Proskauer Rose LLP<br>Richard L. Spinogatti<br>(rspinogatti@proskauer.com) |
| 6. | *Picard v. Banca Carige, S.P.A.* | 12-cv-02408-JSR | Kasowitz, Benson, Torres, & Friedman LLP<br>David J. Mark<br>(dmark@kasowitz.com) |

| 7. | *Picard v. Somers Dublin Limited, et al.* | 12-cv-02430-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Evan A. Davis<br>(edavis@cgsh.com)<br>Thomas J. Moloney<br>(tmoloney @cgsh.com) |
| --- | --- | --- | --- |
| 8. | *Picard v. Caceis Bank Luxembourg, et al.* | 12-cv-02434-JSR | Kelley Drye & Warren LLP<br>Thomas B. Kinzler<br>(tkinzler@kelleydrye.com)<br>Daniel Schimmel<br>(dschimmel@kelleydrye.com)<br>Jaclyn M. Metzinger<br>(jmetzinger@kelleydrye.com) |
| 9. | *Picard v. Banque Privee Espirito Santo S.A.* | 12-cv-02442-JSR | Flemming Zulack Williamson Zauderer LLP<br>Elizabeth A. O'Connor<br>(eoconnor@fzwz.com)<br>John F. Zulack<br>(Jzulack@fzwz.com)<br>Megan Davis<br>(mdavis@fzwz.com) |
| 10. | *Picard v. Credit Suisse AG, et al* | 12-cv-02454 | O'Melveny & Myers LLP<br>William J. Sushon<br>(wsushon@omm.com)<br>Shiva Eftekhari<br>(seftekhari@omm.com) |
| 11. | *Picard v. Solon Capital Ltd.* | 12-cv-02456-JSR | O'Melveny & Myers LLP<br>William J. Sushon<br>(wsushon@omm.com)<br>Shiva Eftekhari<br>(seftekhari@omm.com) |

| 12. | *Picard v. The Sumitomo Trust and Banking Co., Ltd.* | 12-cv-02481-JSR | Becker, Glynn, Melamed & Muffly LLP<br>Zeb Landsman (zlandsman@beckerglynn.com)<br>Jordan E. Stern (jstern@beckerglynn.com)<br>Michelle Mufich (mmufich@beckerglynn.com) |
| --- | --- | --- | --- |
| 13. | *Picard v. Unifortune Asset Management SGR SPA, et al.* | 12-cv-02485-JSR | Cravath, Swaine & Moore LLP<br>David Greenwald (dgreenwald@cravath.com)<br>Richard Levin (rlevin@cravath.com) |
| 14. | *Picard v. Trincaster Corporation* | 12-cv-02486-JSR | Cravath, Swaine & Moore LLP<br>David Greenwald (dgreenwald@cravath.com)<br>Richard Levin (rlevin@cravath.com) |
| 15. | *Picard v. Banque Syz & Co., SA* | 12-cv-02489-JSR | Cravath, Swaine & Moore LLP<br>David Greenwald (dgreenwald@cravath.com)<br>Richard Levin (rlevin@cravath.com) |
| 16. | *Picard v. Credit Agricole (Suisse) S.A., et al.* | 12-cv-02494-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Lawrence B. Friedman (lfriedman@cgsh.com) |
| 17. | *Picard v. SNS Bank N.V., et al* | 12-cv-02509-JSR | Wilmer Cutler Pickering Hale and Dorr LLP<br>Andrea J. Robinson (andrea.robinson@wilmerhale.com)<br>Charles C. Platt (charles.platt@wilmerhale.com)<br>George W. Shuster, Jr. |

|     |                                                      |                        |                                                                                                                                                                                                                                   |
|-----|------------------------------------------------------|------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|     |                                                      |                        | (george.shuster@wilmerhale.com)                                                                                                                                                                                                   |
| 18. | *Picard v. Quilvest Finance Ltd.*                    | 12-cv-02580-JSR        | Jones Day<br>Thomas E. Lynch<br>(telynch@jonesday.com)<br>Scott J. Friedman<br>(sjfriedman@jonesday.com)                                                                                                                           |
| 19. | *Picard v. Delta National Bank and Trust Company*    | 12-cv-02615-JSR        | Duane Morris LLP<br>John Dellasportas<br>(dellajo@duanemorris.com)<br>William C. Heuer<br>(wheuer@duanemorris.com)                                                                                                                 |
| 20. | *Picard v. Abu Dhabi Investment Authority*           | 12-cv-02616-JSR        | Quinn Emanuel Urquhart & Sullivan, LLP<br>Peter E. Calamari<br>(petercalamari@quinnemanuel.com)<br>Marc L. Greenwald<br>(marcgreenwald@quinnemanuel.com)<br>Eric M. Kay<br>(erickay@quinnemanuel.com)<br>David S. Mader<br>(davidmader@quinnemanuel.com) |
| 21. | *Picard v. Meritz Fire & Marine Insurance Co. Ltd.* | 12-cv-02878-JSR        | Steptoe & Johnson LLP<br>Kristin Darr<br>(kdarr@steptoe.com)<br>Seong H. Kim<br>(skim@steptoe.com)                                                                                                                                 |
| 22. | *Picard v. Korea Exchange Bank*                      | 12-cv-02880-JSR        | King & Spalding LLP<br>Richard A. Cirillo<br>(rcirillo@kslaw.com)<br>Joshua Edgemon                                                                                                                                                |

|     |                                                        |                         |                                                                                                    |
|-----|--------------------------------------------------------|-------------------------|----------------------------------------------------------------------------------------------------|
|     |                                                        |                         | (jedgemon@kslaw.com                                                                                |
| 23. | *Picard v. National Bank of Kuwait S.A.K.*             | 12-cv-02881-JSR         | King & Spalding LLP<br>Richard A. Cirillo<br>(rcirillo@kslaw.com)<br>Joshua Edgemon<br>(jedgemon@kslaw.com) |
| 24. | *Picard v. Orbita Capital Return Strategy Limited*     | 12-cv-02934-JSR         | Dechert LLP<br>Gary Mennitt<br>(gary.mennitt@dechert.com)                                          |
| 25. | *Picard v. Koch Industries Inc.*                       | 12-cv-03033-JSR         | Orrick, Herrington & Sutcliffe LLP<br>Jonathan Guy<br>(jguy@orrick.com)<br>James W. Burke<br>(jburke@orrick.com) |
| 26. | *Picard v. Pictet et Cie*                              | 12-cv-03402-JSR         | Debevoise & Plimpton LLP<br>Michael E. Wiles<br>(mewiles@debevoise.com)                            |
| 27. | *Picard v. Merrill Lynch International*                | 12-cv-03486-JSR         | Arnold & Porter LLP<br>Pamela A. Miller<br>(Pamela.Miller@aporter.com)<br>Kent A. Yalowitz<br>(Kent.Yalowitz@aporter.com) |
| 28. | *Picard v. Merrill Lynch Bank (Suisse) SA*             | 12-cv-03487-JSR         | Arnold & Porter LLP<br>Pamela A. Miller<br>(Pamela.Miller@aporter.com)<br>Kent A. Yalowitz<br>(Kent.Yalowitz@aporter.com) |

| # | Case | Docket | Counsel |
|---|---|---|---|
| 29. | *Picard v. Fullerton Capital PTE. Ltd.* | 12-cv-03488-JSR | Arnold & Porter LLP<br>Pamela A. Miller<br>(Pamela.Miller@aporter.com)<br>Kent A. Yalowitz<br>(Kent.Yalowitz@aporter.com) |
| 30. | *Picard v. Cathay Life Insurance Co., Ltd.* | 12-cv-03489-JSR | Baker & McKenzie LLP<br>David W. Parham<br>(david.Parham@bakermckenzie.com) |
| 31. | *Picard vs. BSI AG* | 12-cv-03177-JSR | Wilmer Cutler Pickering Hale and Dorr LLP<br>Charles C. Platt<br>(charles.platt@wilmerhale.com) |
| 32. | *Picard v. Mistral (SPC)* | 12-cv-03532-JSR | O'Melveny & Myers LLP<br>William J. Sushon<br>(wsushon@omm.com)<br>Shiva Eftekhari<br>(seftekhari@omm.com |
| 33. | *Picard v. Zephyros Limited* | 12-cv-03533-JSR | O'Melveny & Myers LLP<br>William J. Sushon<br>(wsushon@omm.com)<br>Shiva Eftekhari<br>(seftekhari@omm.com |
| 34. | *Picard v. Standard Chartered Financial Services (Luxembourg) S.A., et al* (Moving Parties - Standard Chartered Bank International (Americas) Ltd. Standard Chartered International (USA) Ltd. | 12-cv-04328-JSR | Sullivan & Cromwell LLP<br>Robinson B. Lacy<br>(lacyr@sullcrom.com)<br>Sharon L. Nelles<br>(nelless@sullcrom.com)<br>Patrick B. Berarducci<br>(berarduccip@sullcrom.com) |
| 35. | *Picard v. Clariden Leu AG (f/k/a Clariden Bank AG), et al* | 12-cv-04724-JSR | O'Melveny & Myers LLP<br>William J. Sushon<br>(wsushon@omm.com)<br>Shiva Eftekhari<br>(seftekhari@omm.com) |

| | | | |
|---|---|---|---|
| 36. | *Picard v. Schroder & Co. Bank AG* | 12-cv-04749-JSR | Ropes & Gray LLP<br>Robert S. Fischler<br>(robert.fischler@ropesgray.com)<br>Stephen Moeller-Sally<br>(ssally@ropesgray.com) |
| 37. | *Picard v. Multi-Strategy Fund Ltd., et al* | 12-cv-04840-JSR | Friedman Kaplan Seiler & Adelman LLP<br>Robert J. Lack<br>(rlack@fklaw.com)<br>Gregory W. Fox<br>(gfox@fklaw.com) |
| 38. | *Picard v. Credit Agricole Corporate And Investment Bank D/B/A Credit Agricole Private Banking Miami, F/K/A Calyon S.A. D/B/A Credit Agricole Miami Private Bank, Successor in Interest to Credit Lyonnais S.A.* | 12-cv-04867-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Lawrence B. Friedman<br>(lfriedman@cgsh.com) |
| 39. | *Picard v. Six Sis AG* | 12-cv-05906-JSR | Chaffetz Lindsey LLP<br>Peter R. Chaffetz<br>(peter.chaffetz@chaffetzlindsey.com)<br>Andreas A. Frischknecht<br>(andreas.frischknecht@chaffetzlindsey.com)<br>Erin E. Valentine<br>(erin.valentine@chaffetzlindsey.com) |
| 40. | *Picard v. Bank Hapoalim B.M., et al.* | 12-cv-06187 | Chadbourne & Parke LLP<br>Scott S. Balber<br>(sbalber@chadbourne.com)<br>Emily Abrahams<br>(eabrahams@chadbourne.com)<br>Benjamin D. Bleiberg |

|     |     |     | (bbleiberg@chadbourne.com) |
| --- | --- | --- | --- |
| 41. | ***Picard v. Standard Chartered Financial Services (Luxembourg) S.A., et al.*** (Moving Party is Standard Chartered Financial Services (Luxembourg) S.A.) | 12-cv-06292 | Sullivan & Cromwell LLP<br>Robinson B. Lacy<br>(lacyr@sullcrom.com)<br>Sharon L. Nelles<br>(nelless@sullcrom.com)<br>Patrick B. Berarducci<br>(berarduccip@sullcrom.com) |
| 42. | ***Picard v. Intesa Sanpaolo S.p.A., et al.*** |  | Davis Polk & Wardwell LLP<br>Elliot Moskowitz<br>(elliot.moskowitz@davispolk.com)<br>Andrew Ditchfield<br>(andrew.ditchfield@davispolk.com) |