UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION           :
CORPORATION,
                                         :
        Plaintiff,                       :
                                         :            12 MC 115 (JSR)
             -v-                         :
                                         :            OPINION AND ORDER
BERNARD L. MADOFF INVESTMENT             :
SECURITIES LLC,                          :
                                         :
        Defendant.                       :
------------------------------------x
In re:                                   :
                                         :
MADOFF SECURITIES                        :
------------------------------------x
PERTAINS TO:                             :
                                         :
Consolidated proceedings on              :
11 U.S.C. § 550(a)                       :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        Section 550(a) of the Bankruptcy Code empowers the trustee of a

bankruptcy estate to recover property transferred by the debtor from

"the initial transferee of such transfer or the entity for whose

benefit such transfer was made" or "any immediate or mediate

transferee of such initial transferee," but only "to the extent that

a transfer is avoided" under one of the Bankruptcy Code's avoidance

provisions. 11 U.S.C. § 550(a) (emphasis added). The question raised

in this consolidated proceeding is whether this limitation requires

Irving Picard (the "Trustee") — the trustee appointed under the

Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et

seq., to administer the estate of Bernard L. Madoff Investment

1

Securities LLC ("Madoff Securities") — to obtain a judgment of avoidance of Madoff Securities' transfers before he can recover those transfers from a subsequent transferee, and, if so, against whom he must obtain that judgment.

The Court assumes familiarity with the underlying facts of Madoff Securities' fraud and ensuing bankruptcy, and recounts here only those facts that are relevant to the instant issues. Prior to its bankruptcy, Madoff Securities derived much of its funding from large investments by so-called "feeder funds": investment funds that pooled their own customers' assets for investment with Madoff Securities. Throughout the course of such investment relationships, these feeder funds periodically received from Madoff Securities payments based on the profits stated in their monthly customer account statements. The feeder funds then used these withdrawals to pay their investors, fund managers, and other entities.

The instant consolidated proceeding involves entities that received payments from two such feeder funds: Fairfield Sentry Ltd. ("Fairfield"), one of Madoff Securities' largest feeder funds,[1] and Kingate Global Fund Ltd. ("Kingate"). In April and May of 2009, the Trustee brought adversary proceedings against Kingate and Fairfield, respectively, asserting claims for avoidance and recovery of

_____

[1] Certain defendants in these proceedings are alleged to have received transfers from other Fairfield entities, including Fairfield Sigma Limited and Fairfield Lambda Limited. For simplicity's sake, the Court will refer to all of these related entities as "Fairfield," as all these entities ultimately settled with the Trustee together.

transfers of customer funds from Madoff Securities. See Decl. of

Adam A. Shajnfeld dated Oct. 5, 2012 ("Shajnfeld Decl."), Ex. C (Am.

Compl., Picard v. Fairfield Sentry Ltd., Adv. Pro. No. 09-1239

(Bankr. S.D.N.Y. filed July 20, 2010); Compl., Picard v. Kingate

Global Fund, Adv. Pro. No. 09-01161 (Bankr. S.D.N.Y. filed Apr. 17,

2009). Shortly thereafter, having lost in the wake of Madoff

Securities' collapse substantial amounts of what turned out to be

fictitious profits, both Fairfield and Kingate entered into

liquidation proceedings in the British Virgin Islands. See Decl. of

Yavar Bathaee dated Oct. 5, 2012, Ex. A (Compl. ¶ 2, Picard v.

Standard Chartered Financial Servs. (Luxembourg S.A.), No. 12 Civ.

4328 (S.D.N.Y. Apr. 26, 2012) ("Standard Chartered Compl."). In

2011, the Trustee and Fairfield's liquidators entered into a

settlement agreement that terminated the Trustee's adversary

proceedings, pursuant to which Fairfield agreed to entry of a

consent judgment in favor of the Trustee for the entire amount of

transfers sought to be avoided. See Shajnfeld Decl. Ex. D

(Settlement Agreement); Ex. E (Consent Judgment). That consent

judgment was entered on July 13, 2011. The Trustee's adversary

proceeding against Kingate remains pending.

     In addition to seeking the avoidance of transfers from Madoff

Securities to Kingate and Fairfield, the Trustee has also brought

adversary proceedings against those who received transfers of

customer funds from the feeder funds (the "subsequent transferees"),

seeking recovery of those transfers pursuant to 11 U.S.C. §§ 550(a)

and 551, as well as N.Y. Debtor and Creditor Law § 278. See, e.g., Standard Chartered Compl. ¶¶ 58-67. In each of these actions, the Trustee alleges that Fairfield and/or Kingate received avoidable transfers of customer property from Madoff Securities, that portions of those initial transfers were then transferred to the subsequent transferees, and that those amounts are now recoverable under section 550(a). See, e.g., id. ¶¶ 43-46, 50-53; Shajnfeld Decl. Ex. A (Compl. ¶¶ 182-89, Picard v. Citibank, N.A., Adv. Pro. No. 10-05345 (Bankr. S.D.N.Y. Dec. 8, 2010)) ("Citi Compl.").

It is these subsequent transferees of Fairfield and Kingate who have raised the issues related to the interpretation of section 550(a) now before this Court. Specifically, the defendants have moved to dismiss the Trustee's complaints in their respective adversary proceedings, arguing that the Trustee has failed to avoid the relevant transfers from Madoff Securities, thereby precluding recovery from them under section 550(a). See 11 U.S.C. § 550(a) (permitting recovery of transfers "to the extent that a transfer is avoided" under one of the Bankruptcy Code's avoidance provisions). The defendants here also moved to withdraw the reference to the Bankruptcy Court, which the Court granted with respect to the following issues: "(1) whether, as a precondition for pursuing a recovery action against a subsequent transferee under 11 U.S.C. § 550(a), the Trustee must first obtain a fully litigated, final judgment of avoidance against the relevant initial transferee under 11 U.S.C. §§ 544, 547 or 548 or (2) whether the Trustee's recovery

4

action against a subsequent transferee under 11 U.S.C. § 550(a) must be dismissed unless the Trustee has obtained a judgment against the relevant subsequent transferee avoiding the initial transfer or he asserts a claim against the subsequent transferee to avoid the initial transfer within the period prescribed by 11 U.S.C. § 546(a)." Order at 2, No. 12 Misc. 115, ECF No. 314 (S.D.N.Y. Aug. 22, 2012). The Court received consolidated briefing on each of these issues from the defendants, the Trustee, and the Securities Investor Protection Corporation ("SIPC"), and heard oral argument on December 3, 2012. On December 5, 2012, the Court denied the defendants' motions in a "bottom-line" Order. See Order, No. 12 Misc. 115, ECF No. 422 (S.D.N.Y. Dec. 5, 2012). This Opinion and Order explains the reasons for that decision and directs further proceedings to be returned to the Bankruptcy Court.

These two issues derive from the same central question: What does "to the extent a transfer is avoided" mean in the context of section 550(a)? Does this provision require an actual, adjudicated judgment of avoidance, or does it merely require that the Trustee prove in a given recovery action that the transfer he seeks to claw back is avoidable? For the reasons that follow, the Court adopts the latter interpretation: Section 550(a) requires that the Trustee show that the transfer he seeks to recover is avoidable in each recovery action, and the subsequent transferee in possession of that transfer may raise any defenses to avoidance available to the initial transferee, as well as any defenses to recovery it may have.

5

Before turning to the specific issues raised in this
consolidated briefing, the Court sets out a few general principles
that guide its decision. First, the transfer that the Trustee must
prove is avoidable is the initial transfer of property by the
debtor, not any subsequent transfers of that property to the
defendants from whom the Trustee seeks recovery here. See 11 U.S.C.
§ 548(a)(1) ("The trustee may avoid any transfer . . . of an
interest of the debtor in property . . . ."); see also Picard v.
Greiff, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("[W]here the Trustee can
avoid an initial transfer under § 548(a)(1)(A), § 550(a) then allows
the Trustee to recover 'the property transferred' from 'any
immediate or mediate transferee of [the] initial transfer.' "
(quoting 11 U.S.C. § 550(a))). Thus, while the Trustee may, for
example, seek to recover from Kingate customer property that was
transferred from Madoff Securities to Kingate, or may seek to
recover from any Kingate customer who has received a subsequent
transfer of those funds the amount of such funds so transferred, the
question of whether a transfer "is avoided" addresses only whether
the initial transfer from Madoff Securities to Kingate may be
avoided under the Bankruptcy Code's avoidance provisions (e.g., 11
U.S.C. §§ 544, 546, 547 and/or 548).

Second, and relatedly, it is well established that "the
concepts of avoidance and recovery are separate and distinct." In re
AVI, Inc., 389 B.R. 721, 733 (B.A.P. 9th Cir. 2008). As set forth in
the Bankruptcy Code, each type of action is subject to different

6

defenses, including separate statutes of limitations. Here, the applicable statute of limitations governing avoidance actions is two years, see 11 U.S.C. § 546(a)(1)(A), while the statute of limitations governing recovery actions is "(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed," 11 U.S.C. § 550(f). However, a subsequent-transferee defendant from whom the Trustee seeks to recover may assert any defense available to the initial transferee, unless collateral estoppel or res judicata bars that defense. Thus, if, as here, the initial transferee settled with the Trustee or failed to raise a given defense, the subsequent-transferee defendant may assert any defenses to avoidance available to the initial transferee, even if the initial transferee did not raise or resolve those defenses. See Order at 9 n.5, No. 12 Misc. 115, ECF No. 97 (S.D.N.Y. May 15, 2012) (noting that the court "rejects any suggestion that, if § 546(g) provided a defense to the avoidance of an initial transfer, the Trustee could nonetheless recover from subsequent transferees under § 550(a)"); see also In re Flashcom, Inc., 361 B.R. 519, 525 (Bankr. C.D. Cal. 2007) ("[A] stipulated or default judgment entered in an avoidance action does not preclude the defendants in a recovery action from disputing the avoidability of the transfer and raising appropriate defenses.").

Applying these principles, the Court turns to the first issue raised by this consolidated briefing. This issue — whether, as a

7

precondition for pursuing a recovery action against a subsequent

transferee, the Trustee must first obtain a fully litigated, final

judgment of avoidance against the relevant initial transferee — is

raised by a subset of the consolidated defendants whom the Trustee

alleges received subsequent transfers from Fairfield. These

defendants point to the fact that, in settling the estate's claims

against Fairfield, the Trustee failed to avoid the initial transfers

from Madoff Securities to Fairfield. Because the avoidance action

against Fairfield has been fully and finally settled without a

judgment of avoidance, the defendants argue that the Trustee has

not, and never can, obtain an actual avoidance of the transfers to

Fairfield as initial transferee, which they claim is required by

section 550(a)'s limitation on recovery of transfers only "to the

extent that a transfer is avoided." Therefore, defendants' argument

goes, the Trustee has not stated a claim for recovery against them

under section 550(a), and his recovery claims should be dismissed.

The defendants' reading relies to a large extent on their

argument that a plain reading of "to the extent that a transfer is

avoided" requires that a trustee must avoid a transfer against an

initial transferee prior to recovering that transfer from a

subsequent transferee.[2] However, the majority of courts that have

---

[2] The defendants also put great weight on their argument that the
only court in this District to have decided this issue agreed with
their interpretation, or so they claim. See Enron Creditors Recovery
Corp. v. Int'l Fin. Corp. (In re Enron Creditors Recovery Corp.),
388 B.R. 489, 490 (S.D.N.Y. 2008); Hr'g Tr. 37:10-38:24, ECF No. 32
(S.D.N.Y. Apr. 16, 2008) (incorporated into order). However, this

considered this issue have rejected the notion that a trustee must

first avoid a transfer against an initial transferee prior to

recovering that transfer from subsequent transferees. See, e.g.,

AVI, 389 B.R. at 734 ("[T]he trustee need not first avoid a transfer

from the initial transferee when seeking recovery from a subsequent

transferee under § 550."); In re Int'l Admin. Servs., Inc., 408 F.3d

689, 706 (11th Cir. 2005) ("[O]nce the plaintiff proves that an

avoidable transfer exists he can then skip over the initial

transferee and recover from those next in line."). This is because

the language, "to the extent that a transfer is avoided," must be

interpreted in light of the structure of section 550(a) and its

place in the overall operation of the Bankruptcy Code. As courts

have recognized, the avoidance provisions of the Bankruptcy Code do

not address against whom an avoidance action should be brought, such

that "[a]voidability is an attribute of the transfer and not the

party." AVI, 389 B.R. at 733. Thus, there is no basis in the

---

overstates the rule set forth by the Enron court. That court stated,
in dictum, its view that a requirement of a prior avoidance against
the initial transferee should generally be the rule, but then went
on to hold that in that case it was necessary to carve out "an
exception where for legal or practical reasons it is impossible or
impractical to satisfy the precondition of an avoidance." Hr'g Tr.
38:810. This Enron decision is, obviously, not binding on this
Court; and, in fact, this Court disagrees with the Enron court's
dictum about what it claims is the general rule. But even if the
Enron court were correct, this case would meet the requirements of
its "impracticality" exception to the general rule. See Picard v.
Bureau of Labor Ins., 480 B.R. 501, 521 (Bankr. S.D.N.Y. 2012) ("It
was 'impractical' for the Trustee to obtain . . . a judgment [of
avoidance] against Fairfield Sentry because it would have entailed
protracted, expensive litigation with an insolvent entity in the
midst of a liquidation proceeding with little chance of meaningful
recovery.").

language of either section 550(a) or the Bankruptcy Code's avoidance
provisions to assume that avoidance actions must be brought — or
fully adjudicated — against an initial transferee for recovery
proceedings to go forward against a subsequent transferee.

Put another way, the language of section 550(a) is ambiguous,
not only because the question of against whom avoidance must be
sought is unclear, but also because the language, "to the extent . .
. avoided," seems to suggest, not a temporal limitation requiring
prior avoidance, but rather a limitation on the portion of the
transfer that may be recovered — i.e., only that portion of a
transfer that may be avoided. These ambiguities must be resolved by
reference to the place of section 550(a) in the structure and
operation of the Bankruptcy Code. Interpreting the language of
section 550(a) in light of the overall structure of the Bankruptcy
Code's avoidance and recovery provisions, other courts have
concluded — and this Court agrees — that the "to the extent"
language "simply recognizes that transfers sometimes may be avoided
only in part, and that only the avoided portion of a transfer is
recoverable." AVI, 389 B.R. at 733 (quoting In re Sufolla, Inc., 2
F.3d 977, 982 (9th Cir. 1993)).

For example, a transfer that is avoided under section 548 of
the Bankruptcy Code may be avoided only in part, as section 548(c)
provides a defense to avoidance where a transferee "takes for value
and in good faith" "to the extent that such transferee . . . gave
value to the debtor in exchange for such transfer or obligation." 11

U.S.C. § 548(c). It is undisputed that section 548(c)'s use of "to the extent" refers to the amount of the transfer that the transferee may obtain; thus, it seems logical that section 550(a) would use the same phrasing to convey the same meaning. See H.R. Rep. No. 95-595, at 430 (1977) (stating that the language "to the extent . . . avoided" was inserted into section 550(a) so that "liability is not imposed on a transferee to the extent that a transferee is protected under a provision such as Section 548(c)").

Defendants argue that rejecting their interpretation of section 550(a) would render meaningless the recovery statute of limitations in section 550(f) — "one year after the avoidance of the transfer" — because the statute of limitations would never begin to run if avoidance were not required against the initial transferee. However, the fact that avoidance against an initial transferee may not be required does not mean that bringing avoidance and recovery actions sequentially is not permissible. As the AVI court noted,

> if the trustee seeks to avoid a transfer and recover the property or its value in the same adversary proceeding, assuming the avoidance is timely and established, then the recovery action will necessarily be within the one year pursuant to § 550(f). Alternatively, if the trustee prosecutes a separate adversary proceeding for avoidance and then a subsequent adversary proceeding for recovery, the avoidance action is subject to the statute of limitations [for avoidance] and § 550(f) is applicable to the recovery adversary proceeding.

389 B.R. at 734. Indeed, the defendants' argument is belied by the very situation presented by the Fairfield settlement: As the Bankruptcy Court found, "[a]lthough the Settlement does not

11

constitute a formal avoidance of the initial transfer from [Madoff Securities] to Fairfield, it presents the Court with finality with respect to Fairfield Sentry. This finality triggers the relevant one-year statute of limitations under section 550(f) of the Code." See Picard v. Bureau of Labor Ins. ("BLI"), 480 B.R. 501, 522 (Bankr. S.D.N.Y. 2012). Thus, section 550(f) does not require the defendants' interpretation of section 550(a).

Similarly, the defendants point to the use of the word "avoidable" in section 502(d) of the Bankruptcy Code to argue that Congress would have used "avoidable" rather than "is avoided" if it did not mean to require a prior avoidance.[3] Actually, however, the use of the different forms of "avoid" in those sections speaks to a different temporal frame rather than to Congress's intent to require a prior avoidance. Section 502(d) provides for disallowance of a creditor's claim prior to adjudicating whether a transfer received by that creditor is in fact avoidable. Thus, it is logical that Congress chose to use the term "avoidable" because "avoidability" need not be determined for section 502(d) to apply. In the context

_____

[3] Section 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

of section 550(a), however, the Trustee may not recover a transfer until its "avoidability" is determined; thus, the Trustee cannot recover a transfer unless that transfer is proved able to be "avoided" against the relevant transferee at least contemporaneously with the recovery action. Moreover, section 502(d) disallows claims by creditors holding avoidable transfers in their entirety; in this context, the decision to use "to the extent . . . avoided" again is best read as limiting recovery to that portion of the transfer that may be avoided, rather than reading into this limitation a restriction to recovery only after a judgment of avoidance is obtained.

The Court also notes that the defendants' interpretation of section 550(a) would create unnecessary complications that further suggest that their interpretation is incorrect. Other courts have noted some of the problems that might arise — and in fact would arise in this case — from requiring formal avoidance of transfers against the initial transferee. As the Court of Appeals for the Eleventh Circuit has recognized,

> The strict interpretation of § 550(a) produces a harsh and inflexible result that runs counterintuitive to the nature of avoidance actions. If the initial transaction must be avoided in the first instance, then any streetwise transferee would simply re-transfer the money or asset in order to escape liability. The chain of transfers would be endless.

Int'l Admin. Servs., 408 F.3d at 704. The concerns of the AVI court are prescient given the circumstances here, as that court expressed concern that a strict construction would preclude a trustee "from

13

pursuing subsequent transferees after settling with an initial transferee who does not admit liability. In turn, trustees would have little incentive to partially settle avoidance actions, thereby running up the costs of litigation and causing further delay. Congress could not have contemplated this outcome in enacting § 550." In re AVI, 389 B.R. at 735. Indeed, requiring serial avoidance and recovery proceedings could cause bankruptcy proceedings to drag on unnecessarily for years, wasting court resources as well as creating unnecessary uncertainty for potential defendants who may be subject to recovery proceedings.

Finally, the defendants argue that even if the Court were not to agree with their reading of the statute, the Trustee's claims against them should be dismissed nonetheless as a matter of equity. The defendants note that, through its settlement agreement with Fairfield, the Trustee is entitled to receive a portion of any recovery that Fairfield obtains in the numerous equitable restitution actions Fairfield has filed against its shareholders.[4] See Settlement Agreement at 7, 9-11. The defendants argue that the Trustee intentionally chose not to avoid Madoff Securities' transfers to Fairfield in the settlement agreement, as they claim that a judgment of avoidance would imply a finding of bad faith, and

---

[4] Fairfield has brought hundreds of such suits in the British Virgin Islands and in courts in New York, seeking a return of redemption payments under various equitable theories, including unjust enrichment, money had and received, mistaken payment, and constructive trust. See, e.g., Shajnfeld Ex. B (Compl., Fairfield Sentry Ltd. v. Don Chimango SA, No, 12-01298 (Bankr. S.D.N.Y. filed Apr. 11, 2012)).

such a finding would doom Fairfield's equitable claims against its shareholders. Thus, defendants argue that it would be inequitable to allow the Trustee to share in Fairfield's recovery based on its good faith while simultaneously pursuing its own recovery actions premised on Fairfield's bad faith.

However, the defendants' assertions of inequitable conduct are irrelevant if section 550(a) does not require prior avoidance against the initial transferee: If the Trustee need not avoid the transfers against Fairfield as a matter of statutory interpretation, it does not matter why he did not do so. Moreover, the Trustee is in any case limited to a single recovery under 550(d), so the defendants' concerns of inequitable treatment are unfounded. See 11 U.S.C. § 550(d). Finally, the defendants' assertions about the Trustee's motives are, as far as the Court can tell, based on speculation about the facts underlying settlement negotiations, and such considerations are inappropriate for a motion to dismiss. Thus, the Court denies the defendants' motions to dismiss on the basis of the first section 550(a) issue.

The Court turns next to the second issue: whether the Trustee's recovery action against a subsequent transferee under 11 U.S.C. § 550(a) must be dismissed unless the Trustee has either obtained a judgment against the relevant subsequent transferee avoiding the initial transfer or the Trustee asserts a claim against the subsequent transferee to avoid the initial transfer within the period prescribed by 11 U.S.C. § 546(a). The defendants raising this

15

issue are alleged to have received subsequent transfers from Fairfield and/or Kingate. The common thread among these defendants is that while the Trustee brought timely avoidance actions against Fairfield and Kingate, the Trustee did not assert any claims for avoidance in its adversary proceeding complaints against these subsequent-transferee defendants. See, e.g., Standard Chartered Compl. ¶¶ 58-67. According to these defendants, even if the Trustee were to avoid the transfers against Kingate and Fairfield, this would be insufficient, as section 550(a), informed by considerations of due process, requires that the Trustee obtain a judgment of avoidance against the defendant from whom he seeks recovery. Thus, these defendants argue, the Trustee's recovery proceedings against them under section 550(a) must be dismissed because the Trustee failed to bring avoidance actions against them within the two-year statute of limitations provided by section 546(a) for avoidance actions, which has already run.

Defendants again argue that the plain meaning of "is avoided" suggests that there must be an actual judgment of avoidance. As explained above, this argument takes the second half of the limiting phrase out of context. The Court finds that the better reading is that this limitation speaks to the amount of the transfer that may be recovered; section 550(a) does not impose a requirement of obtaining a litigated judgment of avoidance.[5]

---

[5] This is not to say a judgment of avoidance lacks value on its own. Avoidance is a separate remedy that a Trustee may seek without

16

Defendants argue that due-process concerns would arise if they were to be bound by a judgment of avoidance against an initial transferee, in which litigation they were not involved. However, as discussed above, the Trustee concedes that a subsequent transferee from whom he seeks to recover may assert any defense to avoidance available to the initial transferee, unless collateral estoppel or res judicata applies. Thus, it is not necessary to read "to the extent that a transfer is avoided" to require an actual judgment of avoidance against the subsequent transferee defendant to satisfy these due-process concerns, as long as the defendant is able to raise all defenses to the avoidability of the transfers. See BLI, 480 B.R. at 522 ("[T]he Trustee will still be required to prove that the transfers from Madoff Securities to Fairfield were fraudulent and improper in connection with its suit against BLI as subsequent transferee . . . . So, too, BLI will be afforded its due process rights to contest the avoidability of these initial transfers."). Thus, as applied to the defendants' argument here, a subsequent-transferee defendant is entitled to bring a statute-of-limitations

---

recourse to recovery where, for example, the Trustee need only rescind the granting of a right in property (as opposed to where a debtor transferred the property at issue). See In re M. Fabrikant & Sons, Inc., 394 B.R. 721, 741 (Bankr. S.D.N.Y. 2008) ("For example, if a trustee challenges the granting of a mortgage, and the court avoids the mortgage as a fraudulent transfer, the declaration of voidness ends the litigation — the trustee does not need to 'recover' the mortgage."). And a Trustee must bring claims for avoidance in conjunction with recovery proceedings within the statute of limitations, without which defendants would not be on notice that their transfers could be subject to recovery by the Trustee.

17

defense to avoidance only if the Trustee failed to bring any avoidance action with respect to the initial transfer (against either the initial or subsequent transferee) within section 546(a)'s two-year limitations period. See In re Jones Storage & Moving, Inc., 00-14862, 2005 WL 2590385, at *5 (Bankr. D. Kan. Apr. 14, 2005) (permitting a subsequent-transferee defendant to assert the untimeliness of the underlying avoidance action as a defense against recovery even though the initial transferee defendant failed to raise the defense in the earlier action).

This result makes sense within the structure of the Bankruptcy Code's avoidance and recovery provisions. Effectively, what the defendants are arguing is that section 550(a)'s limitation on recovery "to the extent a transfer is avoided" obliges the Trustee to bring an avoidance claim in every recovery action against a subsequent transferee. A corollary of that proposition is that such avoidance claims must be timely brought within section 546(a)'s limitations period for avoidance actions. Such a requirement would import the section 546(a) statute of limitations into all recovery proceedings, thereby conflating the separate concepts of avoidance and recovery, and rendering section 550(f) a nullity.[6] See 11 U.S.C. § 550(f). Indeed, the very terms of section 550(f), which bases the

---

[6] Of course, as discussed above, a Trustee may opt to bring avoidance and recovery proceedings against the same defendant at the same time. Having the option to do so, however, does not create the same problems with respect to the separate statutes of limitations as does requiring the Trustee to do so. See AVI, 389 B.R. at 734.

18

beginning of the running of the statute of limitations for recovery actions on the date of avoidance, suggests that Congress did not intend that actions seeking recovery would also require simultaneous avoidance against that defendant. Thus, the Court rejects the defendants' interpretation, as it would require the Trustee to bring duplicative avoidance actions within section 546(a)'s statute of limitations period against subsequent transferees where he has brought such an action against the initial transferee.[7]

Moreover, the section 550(f) statute of limitations reflects the difficulties that may be faced by a trustee in tracking down the various subsequent transfers that may occur after a debtor parts with his money. In a complex case like this one, it is unreasonable that the Trustee, who is a stranger to any non-debtor transactions, would be expected to bring all recovery proceedings against subsequent transferees within section 546(a)'s two-year period. See Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC), 445 B.R. 206, 236 (Bankr. S.D.N.Y. 2011) (acknowledging the difficulties faced by the Trustee, including that the Trustee "is an outsider to these transactions and will need discovery to identify the specific Subsequent Transfers by date, amount and the manner in which they were effected" (internal quotation marks omitted)). And, as SIPC

---

[7] Because the Court has rejected the defendants' arguments as a matter of section 550(a) itself, the Court declines to address the Trustee's argument that SIPA expands the Trustee's powers beyond the Bankruptcy Code to property that is merely "voidable." See 15 U.S.C. § 78fff-2(c)(3).

19

argues, the bifurcation in the avoidance and recovery statutes of limitations allows (even if it does not require) a trustee to seek a single recovery from an initial transferee before filing claims against subsequent transferees, thereby saving judicial resources and the estate's assets.

Applying these principles to a representative case, the Trustee's complaint against Standard Chartered Financial Services incorporates by reference the complaints against Kingate and Fairfield, including the allegations concerning the avoidability of the initial transfers, and further alleges the avoidability of these transfers outright. See Standard Chartered Compl. ¶¶ 43-46, 50-53. Thus, the avoidability of the transfers from Madoff Securities to Kingate and Fairfield is sufficiently pleaded for purposes of section 550(a). Furthermore, it is uncontested that the Trustee's avoidance actions against Kingate and Fairfield were timely, and so no statute-of-limitations defense to avoidance is available to the defendants here. See BLI, 480 B.R. at 520 ("Under these circumstances, the Trustee may recover from BLI under Section 550 because the Trustee timely filed a complaint against Fairfield Sentry alleging that the initial transfers from BLMIS to Fairfield Sentry are 'avoidable' under section 548 of the Code.").

The relevant statute of limitations for the Trustee's recovery action is provided in section 550(f) of the Bankruptcy Code, which, as stated above, allows recovery actions to be brought for one year after a judgment of avoidance or the dismissal of a case. For

subsequent transferees of Fairfield, the Trustee must have brought

recovery actions against Fairfield's subsequent transferees within

one year of the June 2011 approval of the Trustee's settlement with

Fairfield, as that disposed of the case against Fairfield. See BLI,

480 B.R. at 522. Taking a representative complaint, the Trustee

filed the Standard Chartered complaint on April 26, 2012, less than

one year after the July 2011 consent judgment in the Fairfield

proceeding.[8] See Standard Chartered Compl. at 19. For subsequent

transferees of Kingate, the section 550(f) statute of limitations

has not yet begun to run because the Trustee's adversary proceeding

against Kingate remains ongoing, so any recovery actions already

brought against the Kingate subsequent transferees (including the

Standard Chartered complaint) are necessarily timely at this point.

Cf. In re Maxim Truck Co., Inc., 415 B.R. 346, 353 (Bankr. S.D. Ind.

2009) (allowing a trustee to add a defendant as a subsequent

transferee after seven years had elapsed when "the period of time to

initiate an action under § 550 for recovery of an avoided transfer

has not yet even been triggered, let alone expired, against any of

the Defendants"). Therefore, the Court denies defendants' motions to

dismiss to the extent that they rest on the second section 550(a)

issue raised here.

---

[8] The defendants do not dispute that all of the recovery actions at
issue here were brought within the one-year statute of limitations
after the Fairfield settlement, and the Court therefore assumes that
all of the actions are timely under section 550(f).

In brief, the Court concludes that section 550(a)'s limitation on the Trustee's recovery of transfers "to the extent that a transfer is avoided" requires the Trustee to show that a given transfer is avoidable and does not require an actual judgment of avoidance. Accordingly, in its December 2012 Order, the Court denied the defendants' motions to dismiss to the extent they relied on the issues discussed herein. Except to the extent provided in other orders, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 314 on the docket of 12 Misc. 115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12 Misc. 115 that were designated as having been added to the "section 550(a)" consolidated briefing.

SO ORDERED.

Dated: New York, NY
October 28, 2013

JED S. RAKOFF, U.S.D.J.